E-FILED
Thursday, 17 August, 2006  02:10:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
AUG 16 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
  Plaintiff/Respondent, )
                    )
     v.              )   Cause No. 03-30115-001
                    )
MILTON E. LACY, )
  Petitioner/Movant. )

MEMORANDUM IN SUPPORT OF MOTION FILED UNDER TITLE 28 USC §2255
TO SET ASIDE THE CONVICTION FOR LACK OF JURISDICTION TO PROSECUTE

GROUND A.

1. Petitioner files this Memorandum In Support to dismiss this conviction Under Title 21 USC §841(a)(1), and 40 USCS 3112 pursuant to defective Indictment complaint and denial of effective assistance of counsel as guaranteed under the Sixth Amendment of the Constitution for the United States.

2. Petitioner moves this Court for an Order of Dismissal of the Indictment in Case No. 03-30115 pursuant to Federal Civil Judicial Procedure **Rule 12(h)(3)**, as it is claimed by this petitioner that the District Court imposed the sentence in **lack of subject matter jurisdiction** and imposed a void judgment.

3. The Indictment is defective due the government's failure to show jurisdiction, both, personal and territory.

Using Commerce as a police power is in violation of the Constitution, making this an unlawful act by the U.S. Attorney and his underling (US v LOPEZ, 115 S.Ct. 1624, 131 L Ed 2d 626, 661-62 (1995)).

4. "A juducially noticed fact must be one <u>not</u> subject to reasonable dispute in that it is capable either:
   1. generally known within the territorial jurisdiction of the trial court, or
   2. capable of accurate and ready determination by resort to sources who accuracy cannot be reasonably questioned.

**Rules of Evidence, Rule 201(b).**

Petitioner requests this Court under Rule 201(d) to take judicial notice that the government has fail to show how the government has territorial jurisdiction over the exact geographical territorial location that authorizes the legislative "Acts of Congress" applicable.

5. A motion challeging 'federal territoral jurisdiction' is an exception to the rule that a "guity plea" waives all claims of constitutional violation(<u>US v CAPERALL</u>, 938 F 2d 975, 977(9th Cir 1991); <u>US v ROBERTSON</u>, 698 F 2d 703, 704 n.1(5th Cir 1983)) as the issue of whether the government had the power to bring the charge still remains(<u>US v CORTEZ</u>, 973 F 2d 764, 766-67(9th Cir 1992)).

Lack of territorial jurisdiction cannot be waived and may be asserted at any time(<u>GLIDDEN v ZDONAK</u>, 370 US 530, 535-37, 8 L Ed 2d 671 (1962)) and this petitioner is alleging that the government does not have territorial jurisdiction to bring this case against him, and, has there fore, subjected this Court to a lack of subject matter jurisdiction and has caused this Court to impose a VOID JUDGMENT.

The prosecutor has an obligation to work for justice and within the constraints of federal jurisdiction 'territorial' not simply as a result that favors the government's preconceived idea of what the actions of the legal proceedings should be.

2

The Prosecutor's actions, in want of federal 'territorial' jurisdiction, prompts this petitioner to assert this issue because it infringes on the 5th Amendment's guarantee to pursue liberty. This issue should have been pursued by attorney R.Williams, but wasn't, and, therefore, he violated petitioner's fundamental right to effective assistance of counsel as guaranteed by the 6th Amendment.

The Prosecutor's actions shows that he has willfully violated his Oath of Office, Article I, Sec.8, C1.17, and well established Supreme Court stare decisis of fundamental principles of law that federal criminal legislation applies only within the 'territorial' jurisdiction of the United States (18 USC §§ 5 and 7) unless a contrary intent appears (US v BEVANS, 16 US (3 Wheat) 336, 350-351, 386-88(1818); US v BRATNEY, 104 US 621, 26 L Ed 869(1881; CAHA v US, 152 US 221, 215, 38 L Ed 415(1894); ADAMS v US, 319 US 312, 63 S.Ct.1122, 87 L Ed 1421(1943); and US v LOPEZ, 115 S.Ct.1624, 131 L Ed 2d 626, 661-62(1995)).

It is fundamental law that to usurp the exercise of jurisdiction which is not given would be 'treason to the Constitution'(COHEN v VIRGINIA, 19 US (6 Wheat) 264, 404, 5 L Ed 257, 291(1821)).

The reason being is that the Judges and Prosecutors are mandated to take an OATH of Office [see 28 USC § 453] under the penalty of punishment and would amount to entering into a 'conspiracy'[Title 18 USC §§ 241 & 242] against the Defendant.

The same Court has stated that willful deprivations of defendant's rights can be punished criminally [see 18 USC § 241 & 242], even if done by prosecutor or judge (IMBLER v POCHTMAN, 424 US 409, 47 L Ed 2d 128, 142-43 n.28, 29(1976)) and that there is no immunity for usurpious participants therein(MIRELESS v WACO, 502 US 9, 116 L Ed 2d 9, Annotations at 958(1991)).

3

Like any other citizen, the prosecutor(s) are charged with knowledge of established law(Art,I,Sec.8,C1.17) and **must be held accountable for personal misconduct**(WOOD v STRICKLAND,410 US 308,322,43 L Ed 2d 214(1975)). The prosecutor's misconduct,in this case,clearly violates longstanding fundamental statutory and Constitutional rights [laws],of which any reasonable person would have known(HARLAR v FITZGERALD,457 US 800,818, 73 L Ed 2d 396(1986);BUCKLEY v FITZSIMMONS,509 US 259,113 S.Ct.2602,125 L Ed 2d 209,223(1993)).

6. STATUTES BY THEMSELVES DO NOT CONFER SUBJECT MATTER JURISDICTION UPON A DISTRICT COURT(SOPENA v COLEJON CORP.,920 F Supp 259,265(D.Puerto Rico 1996);BOWEN v JOHNSON,306 US 19,25,83 L Ed 455(1939)).

"Territorial jurisdiction' is a question of law,and **when challenged** [and this petitioner does],**must be proved that the United States had accepted exclusive jurisdiction**,which was,in fact,ceded by the State within whose exterior boundaries the alleged offense occurred,**pursuant to Title 40 USC § 255**(US v JONES,400 F 2d 1135,1137-38(2nd Cir 1973); US v PATE,393 F 2d 44(7th Cir 1968);US v JOHNSON,426 F 2d 1112(7th Cir 1970); and US v ONE COLT MICHINE GUN,625 F Supp 1539(S.D.Fla 1986).

7. As in this case,the prosecutor's spurious reasoning(s) cannot serve to confer judicial power upon federal courts which do not possess it in their own right(People of Puerto Rico v Koedel,927 F 2d 662,665(1st Cir 1991)). **See: 40 USC §3112.**
When a court's 'territorial jurisdiction' is challenged,the court must address the issue 'on the merits'(SANDERS v US,373 US 1,16-17,10 L Ed 2d 148(1963)) and with 'clarity and particularity' (McCLESKEY v ZANT, 499 US 467,111 S.Ct.1454,1470-71,113 L Ed 2d 517(1991) 'it being axiomatic that the prosecution must always prove territorial jursdiction over a crime in order to sustain a conviction therefore(US v BEVANS,495 F 2d

4

475(5th Cir 1974);a federal nexus being both a jurisdictional prerequisite and an essential element of the substantive crime(US v LOCKLEAR,97 F 3d 196,199(7th Cir 1996);US v ROSS,77 F 3d 1525(7th Cir 1996);US v MOEDE,48 F 3d 238,241(7th Cir 1995);it being fundamental law that to usurp the exercise of jurisdiction which is not given,would be treason to the Constitution(COHEN v VIRGINIA,supra,;US v SCHULTZ,17 F 3d 723,727 n.11(5th Cir 1994)).

8. It is a well established principle that federal courts within the 'States' as opposed to 'State' trial courts of general jurisdiction are courts of limited jurisdiction marked out by Congress and the Const.(ALDINGER v HOWARD,427 US 1,15,49 L Ed 2d 276(1976);and thereby being limited to those subjects encompassed within the Constitutional and Statutory grants of jurisdiction(CHERTKOV v OFFICE OF PERSONNEL MANAGEMENT,52 F 3d 961,966(Fed Cir 1995).

9. It is the government's burden to prove all elements of charged crimes(US v JAMES,987 F 2d 648,650(9th Cir 1993);US v MACHINE GUN,625 F Supp 1539(S.D.Fla 1986),essential element of the charge mandates the conviction cannot stand(THOMPSON v LOUISVILLE,362 US 199,4 L Ed 2d 654,659(1960) if failure to prove[by the government]is shown.

10. Judgments entered where the court lacked territorial jurisdiction must be set aside(JAFFE AND ASHER v VAN BRUNT,158 FRD 278(SDNY 1994 ).

11. This court has the 'duty' to recognize it's lack of territorial jurisdiction and standing as a bulwark in opposition to usurpation and and provide relief(GREGORY v ASHCROFT,501 US 452,115 L Ed 2d 410,422-23(1991)).

Lack of subject matter jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent,inaction,or stipulation.

5

A court lacking jurisdiction cannot render judgment, but must dismiss the cause at any stage of the proceedings at which it becomes apparent that jurisdiction is lacking(<u>SWEETON v BROWN</u>,27 F 3d 1162,1169 (6th Cir 1994)). Magistrates and judges are under independant obligations to examine their courts jurisdiction(<u>ALLEN v WRIGHT</u>, 468 US 737,750,82 L Ed 2d 556(1984);<u>FREYTAG v COMMISSIONER OF INTERNAL REVENUE</u>,501 US 868,896-97,111 S.Ct.2631,2648,115 L Ed 2d 764(1991)(Scalia,J.,concurring)(discussing the "non-waivability" of lack of subject-matter jurisdiction.")

12. The Supreme Court has held, where a Plaintiff [Petitioner] was prosecuted for violation of a federal statute wherein no federal territorial jurisdiction existed and the 'appellants' had even failed to raise the lack of jurisdiction below, that district court should have declined 'sue sponte' to proceed in the cause(<u>US v CORRICK</u>,298 US 435,80 L Ed 1236,<u>reh. denied</u>,298 US 692,80 L Ed 1410(1936)).

13. Thus, it is plain that it is <u>not</u> the "alleged" actions of this Petitioner herein which determines federal jurisdiction in this case, but rather, the <u>place</u> wherein the crime/offense was committed.

It is Plain that the 'United States' <u>does not</u> have territorial jurisdiction over every square inch of territory within the 'United States of America' including 'in the State and District of Illinois'.

14. Petitioner's indictment is defective, in that, it fails to show proof of territorial jurisdiction that 'Acts of Congress' are applicable whereby showing 'self-evident proof' that the indictment is not warranted in law, being facially invalid, 'self-declaring' that petitioner's alleged offense was done 'outside' the 'territorial jurisdiction of the 'United States' 'rendering petitioner's conviction

6

'void--for want of federal territorial jurisdiction'. Federal jurisdiction' is an 'essential element' of petitioner's indictment(18 USC §922(g)(1);and Title 18 USC §5;18 USC §7(3);Title 40 USCS 3112;and ;Article I,Section 8,Clause 17) because it is an 'Act of Congress".

15. **Article.I,Section.8,Clause 17**,of the Constitition of the United States is fundamental law and controlling authority and sworn[See: 28 USC §453].

Under Title 18 USC's 'General Provisions',18 USC §7(3) is a simplified statement of the fundamental provisions of Art.I,Sec.8,Cl.17. 18 USC §5 carefully circumscribed the fact that Title 18 is territorial based with the wording,"...subject to the jurisdiction of the United States." 18 USC §§7(1)(3)and 5 repeatedly stress the jurisdictional requirement for Title 18's applicability,"...out of jurisdiction of any particular state."

Title 18 USC's Federal Rules of Criminal Procedure leave no doubt as their applicability only within the 'territorial jurisdiction' of the 'United States' stating:

> "All federal crimes are statutory und all criminal prosecutions in the federal court are based on acts of Congress...Rule 26, Notes of Advisory Committee on rules;and

> These rules apply to all criminal proceedings in the United States District Courts,Rule 54(a); See: Rule 1,2002 Amendments:F.R.Crim.P.

> A judge of the United States or another judge or judicial officer specifically empowered by statute in force **in any territory or possession**,the Commonwealth of Puerto Rico,or the District of Columbia,to perform a function to which a particular rule relates, Rule 54(c),¶7;and

> "Acts of Congress" include any act of Congress locally applicable to and in force in the District of Columbia,in Puerto Rico,in a territory or an insular possession,Rule 54(c),¶13."(emphasis Added).

Thus,clearly,21 USC §841(a)(1) does not apply to this Petitioner.

## IN CONCLUSION

Our national government is one of delegated powers alone. Under our federal system, the administration of criminal justice rest with the states, execpt as Congress, acting within the scope of those delegated powers, has created offenses against the 'United States'. When Congress criminalizes conduct already denounced as criminal by the states, it effects a 'change in the sensitive relation between federal and state jurisdiction'(US v LOPEZ, 115 S.Ct.1624, 131 L Ed 2d 626, 638 n.3(1995); US v EMMONS, 410 US 396, 411-12, 35 L Ed 2d 379(1973); US v BASS, 325 US 91, 109, 89 L Ed 1495(1945); U.S.C.A. Amend. NINE and TEN.

Title 18 USC and 21 USC are 'Acts of Congress" and it is a longstanding principle of American Law that Legislation of Congress, unless a contrary intent appears, is meant to apply only within the 'territorial jurisdiction' of the United States(EBOC v ARABIAN AMERICAN OIL CO., 499 US 244, 113 L Ed 2d 274, 282(1991)) and it must be so, because any other interpretation would plainly violate 'fundamental law'(Art.I, Sec.8, Cl.17).

Petitioner asserts that the federal government did not have jurisdiction to prosecute and Burden of Proof is on them(MEADOWBRIAR HOME FOR CHILDREN INC. v GUNN, 81 F 3d 521, 528(5th Cir 1996)) and asserts that the court must hear and determine this issue**(KELLY v US, 29 F 3d 1107, 1112-14, (7th Cir 1994)**(Jurisdictional defects are non-waivable); U.S.C.A., Constitution Amendment Five.

**THEREFORE**, Petitioner is entitled to immediate release and restoration of life, liberty, and property, for the indictment is 'void-for want of federal jurisdiction."

**WHEREFORE**, Petitioner requests that the Court enter an Order Dismissing the Indictment, with prejudice.

## GROUND B.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that counsel was ineffective at the arraignment, plea and at the sentencing stages and also was ineffective on appeal for failing to present and raise the issues and arguments contained herein the instant motion.

To see whether counsel had fallen below the minimum standard for effective assistance of counsel under the Sixth Amendment to the Constitution, a two-prong test must be met. In the case of Strickland v Washington, 466 US 668(1984), the Supreme Court decided that a determination of ineffecetice assistance of counsel would be conditioned on two factors, both of which must be met:

1. Counsel's performance must have fallen below an objective standard of reasonableness;

2. There is a reasonable probability that, but for counsel's errors, the result of the proceedings would probably be different.

Petitioner contends that he can prove both prongs of this test. First, counsel had an 'overriding duty' to investigate every aspect of this case and to investigate all potential defenses.

Under the ABA Standards relating to the administration of Criminal Justice(1992), Standard 4-4.1 reads in part:

> Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to the facts relating/relevant to the merits of the case and the penalty in the event of conviction...The duty to investigate exists regardless of the accused admission or statements to defense counsel of facts constituting guilt or the accused's desire to plead guilty...

Had the CJA attorney investigated the basis for prosecution, he could have showed how the US Attorney could not rely on Title 18 USC §3231 as the basis for criminal jurisdiction. He could have showed the following:

### 18 USC §3231 DEFINED

18 USC §3231 states:

9

the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

This statute is understood when term 'United States' is defined. It is defined as follows:

18 USC §5: United Sttaes defined.

"The term "United States", as used in this title in a territorial sense, includes all places and waters,..., subject to the jurisdiction of the United States,... (Emphasis added).

This statute references "places", so, the next step is to define "places" subject to the jurisdiction of the United States, which, is defined at:

18 USC §7: Special maritime and territorial jurisdiction of the United States.

"The term "special maritime and territorial jurisdiction of the United States", as used in this title, includes,:

(3) Any lands reserved or acquired for the use of the United States, **and** under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

This is a simplified version of Article I, Section 8, Clause 17. This issue has been addressed and cites the following cases in the distinction of criminal jurisdiction over a location, whether it be State or Federal.

US v Pate, 393 F2d 44(1968)(explains the requirement under Title 40 USC §255 before jurisdiction is vested in the United States and failure to meet those requirements, leaves the criminal jurisdiction vested in the State); US v Johnson, 426 F2d1112(1970)(Explaining how the United States had criminal jurisdiction over the location despite Congress' enactment of Title 40 USC §255). This statute has now been codified at 40 USC §3112 since 2002.

US v One Colt Machine Gun, Model MG-52-2, 625 F.Supp.1539(S.D.Fla 1986)(The court held that 'although the United States satisfied its burden of demonstrating probable cause to support forfeiture of the machine gun and ammunition, the claimant has proven...his defenses to forfeiture.; the defendants, therefore, are not subject to forfeiture under

Title 18 USC,section 924 or Title 26 USC,section 5872. Thus,the United States is not entitled to a judgment of forfeiture;Accordingly,it is hereby ORDERED AND ADJUDGED that judgment be...against the United States).Whereas the defendants are returned to their owner,because the United States Attorney failed to prove every element of the charged statute,and in that case,'interstate or foreign commerce' as defined in 18 USC §10 and 18 USC §921(a)(2).

These cases were decided long before this prosecution was brought against this Petitioner and it is a denial of the Fifth and Sixth Amendments for the CJA attorney not to bring this issue before the district court for dismissal pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.

If counsel would have briefed this issue[Subject-matter jurisdiction],the result would have been different and counsel's failure to present this issue constitutes ineffective assistance of counsel.

## CONCLUSION

For all the reasons set forth herein above,Petitioner's motion to vacate,set aside or correct sentence should be granted and Petitioner's conviction should be reversed and vacated for want of federal territorial jurisdiction to apply an 'Act of Congress' pursuant to 40 USCS 3112.

Further,this Honorable Court should grant an evidentiary hearing as a matter of right due to fact issues and facts so named herein cannot be decided on the the record whereas,an evidentiary hearing would shed light on Petitioner's issue.

Petitioner contends his Constitutionally secured rights have been violated and seriously effected and it would be a manifest injustice to deny Petitioner the relief he seeks. His sentence is imposed in violation of the law and,moreso,is the conviction.

And for any such further relief this Court may deem just and proper.

Dated: 8-10 ,2006.

Respectfully submitted,

*Milton E Lacy*
Milton E. Lacy,Pro Se.

11

## DECLARATION OF MILTON E. LACY

I, Milton E. Lacy, swear under the penalty of perjury that all the facts and information is true and correct to the best of my knowledge pursuant to 18 USC §1001 and 28 USC §1746.

Signature of Affiant,

*Milton E. Lacy*
Milton E. Lacy

## PROOF OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed first-class and properly addressed to:

U.S. Attorney's Office
600 East Monroe St., Rm. 312
Springfield, IL 62701

this _11_ day of August, 2006.

*Milton E. Lacy*
Milton E. Lacy