IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MILTON E. LACY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  06-3176 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Milton E. Lacy's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition). The Court now makes the initial consideration of Petitioner Lacy's Petition under Rule 4 of the Rules Governing § 2255 Cases.

After a review of the Petition, this Court finds that summary dismissal is warranted. On February 27, 2004, pursuant to a written Plea Agreement (Case No. 03-30115, d/e 10), Petitioner Lacy pleaded guilty to the charge of Possession of 5 or More Grams of Cocaine Base ("Crack") with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), as alleged in the Indictment (Case No. 03-30115, d/e 7). Paragraph 12 of the

written Plea Agreement provided as follows:

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255.  The defendant and his attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence.  The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant.  The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of ineffectiveness of his counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from his attorney regarding this right. Regardless of any advice the defendant's attorney may have given him, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence.  The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement, ¶ 12.  Pursuant to the written Plea Agreement, Petitioner reserved his right to appeal from any finding that his sentencing guideline

range is higher than as stipulated in the written Plea Agreement. <u>Id.</u> at ¶ 11. On June 25, 2004, Petitioner was sentenced to a term of 188 months imprisonment on the sole count of the Indictment, followed by 5 years of supervised release. Judgment was entered on June 28, 2004. On July 1, 2004, Petitioner filed a Notice of Appeal (Case No. 03-30115, d/e 20). On January 19, 2006, the Court of Appeals affirmed this Court's decision.

On August 16, 2006, Petitioner filed the instant Petition collaterally attacking his conviction and/or sentence on the grounds that: (1) the Government lacked territorial jurisdiction to bring the underlying criminal case (03-30115) against him and (2) his counsel rendered ineffective assistance of counsel when he failed to bring the above issue to the Court's attention.[1]

---

[1] In support of his Petition, Lacy has submitted his Affidavit attesting as follows:
  COMES NOW the Defendant in the abovestyled action, Milton E. Lacy, and, after being duly sworn, deposes and says:
  1. The location wherein affiant was arrested by local Springfield Police is located within the exclusive criminal jurisdiction of the State of Illinois due to that location being owned by private citizens of the State of Illinois.
  2. At no time was the location [where the arrest occurred] ceded to the United States by the Illinois State legislature, as required by Title 40 USCS § 3112.
  3. The U.S. Attorney, at no time, proved pursuant to Title 18 USC § 3231 that he was authorized to enforce federal legislation within the location where affiant was arrested.
  4. Affiant claims that until the U.S. Attorney presents documents contrary to the assertions herein, all acts committed against affiant in the

The Seventh Circuit has explained that a plea agreement containing a clause that waives a petitioner's "right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000)(citing Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000)). The record is devoid of evidence showing that Petitioner's counsel was ineffective during the plea negotiation process. As such, by signing the written Plea Agreement, Petitioner has waived his right to collaterally attack his conviction and/or sentence.[2]

---

United States District Court, Springfield Division, are illegal and criminal in nature.
     5. Unless and until the U.S. Attorney for the Central District of Illinois, Springfield Division, Jan Paul Miller, presents a Grant of either partial or exclusive jurisdiction from the State of Illinois Governor's Office, all acts committed by and through the U.S. Attorney's Office is and was illegal and subject to prosecution for Conspiracy and kidnapping charges under Illinois Law and Procedure.
     6. Affiant is illegally confined in a Federal Bureau of Prisons Facility at Greenville, Illinois, and is being held against his will for an act that was committed outside of federal criminal jurisdiction and within the exclusive criminal jurisdiction of the State of Illinois, and, within the criminal jurisdiction of Sangamon County, Illinois.

Affidavit of Milton Lacy (d/e 3).

[2]Even if Petitioner had not waived his right to collaterally attack his conviction and/or sentence, Petitioner Lacy's Petition nonetheless warrants summary dismissal because the grounds upon which Petitioner relies to seek habeas relief are frivolous. It is clear that this Court had territorial jurisdiction over Petitioner's underlying criminal case. The Indictment specifically alleged:
     On or about October 28, 2003, at Springfield, Illinois in the Central District of Illinois, the defendant,

4

THEREFORE, the Court summarily dismisses Petitioner Lacy's Petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1).  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   October 27, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE

---

Milton E. Lacy, also known as "Melbow," knowingly and intentionally possessed a controlled substance, namely five or more grams of cocaine base ("crack"), a Schedule II controlled substance, within the intent to distribute it.
    In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).
Indictment, Case No. 03-30115.